■ ANROB ENTERPRISES, LTD., et al., Petitioners, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. — Determination of the New York State Liquor Authority dated January 30, 1980, disapproving petitioner's application for approval of corporate change annulled, on the law, and petition in an article 78 proceeding granted, without costs. The petitioner, Anrob Enterprises, Ltd. (Anrob), is the holder of an on-premises wine and beer license in connection with a restaurant that it conducts in West Hempstead, New York. The individual petitioners, Sewdutt Harpaul, Chandradutt Harpaul and Cecil P. Beharry, acquired all of Anrob's capital stock on July 3, 1979 for approximately $170,000 of which $77,000 was paid in cash. On August 20, 1979, petitioners filed an application for approval of corporate change with the Nassau County Alcoholic Beverage Control Board (Agency). Following an investigation the Agency recommended disapproval of the application for the following asserted reasons: "Unable to adequately explain and document finances. Possible violation of U.S., Canadian and Guyana currency laws." A hearing was thereafter conducted by the State Liquor Authority (Authority) at the petitioners' request. The Authority sustained the disapproval of the application concluding in critical part: "The Authority is not satisfied that it has been fully and completely informed as to the financing of the purchase of the stock of the corporate licensee." The Authority decision did not allude to the Agency's finding that the transactions disclosed a possible violation of currency laws, and we were explicitly informed on argument that the Authority does not rest its determination on that ground. The issue concerns that part of the purchase price represented by a paid $50,000 Citibank loan which in turn was secured by a cash deposit in the same amount which belongs to Beharry's uncle Charles Kartick. Beharry stated that in 1976 and 1977, while residing in Canada and traveling occasionally to Guyana, his homeland, he received in small amounts a total of $55,000 from his uncle for safekeeping which, together with substantial funds of his own, he brought to Canada. His own funds, totaling about $125,000, were deposited in his Royal Bank of Canada account. The funds of his uncle were placed separately in a Royal Bank of Canada safe deposit box. Beharry stated that his uncle had authorized him to use his money in connection with the purchase of Anrob's stock. Beharry's account was fully confirmed in an affidavit submitted by his uncle, Charles Kartick, a citizen of Guyana presently residing in Barbados. Kartick testified that he had been a manufacturer for some 15 years, that he was neither a principal nor creditor of Anrob and that he would take no active part in the operation of its business. We are unable to agree with the Authority that petitioners did not adequately explain the source of its financing. Although disclaiming any suspicion of unspecified currency violations, the Authority's conclusion seems to rest on a speculation that the explanation advanced by petitioners with regard to the funds is somehow inaccurate or inadequate although no factual support for this judgment appears in the record. Pertinent is the circumstance that the Authority had previously approved a wine and beer license to a corporation acquired by the individual petitioners operating a similar restaurant business in Bronx County. In connection with the Bronx restaurant, a franchise of Sizzler Family Steak House, Citibank had loaned $175,000 to these petitioners. It is conceded that petitioners have operated the Bronx restaurant in an unobjectionable manner. Like the Bronx restaurant,

the restaurant in issue here also operates under a franchise of the Sizzler organization. Given the speculative nature of the reason assigned by the Authority for disapproval, and the substantial uncontradicted evidence that petitioners are financially reliable and responsible people, the Authority's disapproval of the application in issue here appears to us arbitrary and lacking in evidentiary support. Concur — Kupferman, J. P., Sandler, Sullivan, Carro and Fein, JJ.